Eva R. Gardner
Thomas V. Wang
Ashburn & Mason, P.C.
1227 West 9th Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: 907-276-4331 / Fax: 907-277-8235
E-mail: eva@anchorlaw.com, thomas@anchorlaw.com

Nicholas A. Migliaccio
Jason S. Rathod
Migliaccio & Rathod LLP
412 H Street NE, 3rd Floor
Washington, DC 20002
E-mail: nmigliaccio@classlawdc.com, jrathod@classlawdc.com
*Attorneys for Plaintiff Justin Fortner*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUSTIN FORTNER, *individually and on behalf of all others similarly situated*<br><br>Plaintiff,<br><br>vs.<br><br>EAGLE EYE-ENVIROWORKS JOINT VENTURE LLC and EAGLE EYE ELECTRIC LLC,<br><br>Defendants. | Case No: |

## **COLLECTIVE ACTION COMPLAINT**

By and through his undersigned counsel, Plaintiff Justin Fortner, individually and on behalf of all others similarly situated, hereby brings this Collective Action against Eagle Eye-Enviroworks Joint Venture, LLC and Eagle Eye Electric LLC (together, "Defendants") to recover unpaid overtime compensation, liquidated damages, attorney's

COLLECTIVE ACTION COMPLAINT
*Fortner vs. Eagle Eye Enviroworks Joint Venture LLC, et al.,* Case No.                    Page 1 of 9

Case 3:22-cv-00262-HRH    Document 1    Filed 12/05/22    Page 1 of 9

fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1. The subject matter jurisdiction of the Court is invoked pursuant 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue lies in in this District pursuant to 28 U.S.C. § 1391 because the Defendants' principal place of business is in this District and subject to personal jurisdiction in this District.

## PARTIES

3. Plaintiff Justin Fortner is an adult resident of Missouri who worked for Defendants for around three years.

4. Defendant Eagle Eye-Enviroworks Joint Venture, LLC ("Eagle Eye-Enviroworks") is an Alaska limited liability company with headquarters at 3301 C St, Ste 400 Anchorage, AK 99503. Eagle Eye-Enviroworks is a joint venture operating in the construction industry with special trade contracting. Eagle Eye-Enviroworks hires contractors and conducts business across the United States.

5. Defendant Eagle Eye Electric LLC ("Eagle Eye Electric") is a Nevada limited liability company registered to do business in Alaska and one-half of the Eagle Eye-Enviroworks joint venture, which is based in Alaska.

## STATEMENT OF FACTS

COLLECTIVE ACTION COMPLAINT
*Fortner vs. Eagle Eye Enviroworks Joint Venture LLC, et al.,* Case No.  Page 2 of 9

Case 3:22-cv-00262-HRH   Document 1   Filed 12/05/22   Page 2 of 9

6. Plaintiff was hired by a predecessor entity of Defendants as a lever mediator around April 2018. He worked for Defendants until around July 2021. He worked at the St. Francois County worksite in Missouri and when he accepted the position, he knew that the job would involve lead exposure and compensation accordingly.

7. Defendants pay "Hazard Pay," an additional $14.57 or other amount per hour, to employees at the St. Francois County, MO and other sites who were directly exposed to lead and similar risks, including Plaintiff.

8. Plaintiff and those similarly situated were eligible for and did receive the hazard pay sanctioned by Defendants.

9. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

10. Plaintiff and those similarly situated have regularly worked in excess of 40 hours a week and have been paid overtime for those hours but a rate that does not include the $14.57 per hour hazard pay.

11. For example, the pay period ending 06/12/2021, shows "Regular" earnings of $1230.00 for 40.00 hours, reflecting Plaintiff's hourly rate of $30.75 per hour. In this same pay period, he was paid $46.13 for one hour of overtime, reflecting an overtime rate of $46.13 per hour, which is one and a half times his hourly rate. He additionally received $597.37 in hazard pay, reflected as "FRINGE BENEFIT," and equaling the product of

COLLECTIVE ACTION COMPLAINT
*Fortner vs. Eagle Eye Enviroworks Joint Venture LLC, et al.,* Case No. Page 3 of 9

Case 3:22-cv-00262-HRH   Document 1   Filed 12/05/22   Page 3 of 9

the $14.57 premium and the 41 hours he worked. Unfortunately, his overtime rate, merely one and a half of his hourly rate, does not account for the hazard premium instituted by Defendants.

12. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of renumeration including "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work." 29 C.F.R. §778.207(b).

13. As a result of Defendants' violations of the Fair Labor Standards Act, Defendants are liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

14. Defendants failed to post a Fair Labor Standards Act notice poster in a place where Plaintiff could read it, as required by federal law. Plaintiff's claims are therefore entitled to equitable tolling because Defendants' noncompliance deprived him of knowledge of his rights.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FAIR LABOR STANDARDS ACT**

15. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all Defendants' employees paid on an hourly basis ("Hourly Workers") who (a) were eligible for and received hazard pay and (b) whose overtime rates during did not account for their hazard pay as required by FLSA and its implementing regulations.

COLLECTIVE ACTION COMPLAINT
*Fortner vs. Eagle Eye Enviroworks Joint Venture LLC, et al.,* Case No. Page 4 of 9

Case 3:22-cv-00262-HRH    Document 1    Filed 12/05/22    Page 4 of 9

16. Plaintiff and Collective Action Members are "similarly situated" as that term is used 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive the premium pay but such pay was not considered a part of their regular rate for determining overtime as statutorily required.

17. Resolution of this action requires inquiry into common facts.

18. These similarly situated individuals are known to the Defendants, are readily identifiable, and can be located through Defendants' payroll records, which Defendants are required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

19. Conditional certification of this case as a collective action pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the Fair Labor Standards Act.

20. There are many similarly situated current and former employees of Defendants who have not been paid their statutorily-required overtime rates and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

## COUNT 1

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

21. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

COLLECTIVE ACTION COMPLAINT
*Fortner vs. Eagle Eye Enviroworks Joint Venture LLC, et al.,* Case No. Page 5 of 9

Case 3:22-cv-00262-HRH   Document 1   Filed 12/05/22   Page 5 of 9

22. Defendants are employers within the meaning of 29 U.S.C § 203(d).

23. Plaintiff is an employee within the meaning of 29 U.S.C C 203(e).

24. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of renumeration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. The hazard premium instituted by Defendants does not fall into any of those exceptions. Additionally, FLSA implementing regulations make clear the regular rate of pay includes "premiums paid for hazardous, arduous, or dirty work." 29 C.F.R. §778.207(b).

25. Defendants failed to include the hazard premium into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this renumeration in overtime computations violates Section 7(a) of the FLSA, because Defendants' employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

26. At all relevant times, Defendants had a policy and practice of willfully refusing to pay Plaintiff and all Collective Action Members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

27. As a result of Defendants' willful failure to compensate Plaintiff and the Collective Action Members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and continue to

COLLECTIVE ACTION COMPLAINT
*Fortner vs. Eagle Eye Enviroworks Joint Venture LLC, et al.,* Case No. Page 6 of 9

Case 3:22-cv-00262-HRH    Document 1    Filed 12/05/22    Page 6 of 9

violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

28. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29. Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Defendants' violations of FLSA, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received during the relevant time period and the overtime they did receive during the time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendants are statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

30. Plaintiff and all others similarly situated are entitled to back pay and liquidated damages in an amount equal to their back pay, as well as reasonable attorney's fees, costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment as follows:

a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendants to provide to Plaintiff a list of all persons employed by them who were eligible for and did receive hazard pay, be it

COLLECTIVE ACTION COMPLAINT
*Fortner vs. Eagle Eye Enviroworks Joint Venture LLC, et al.,* Case No. Page 7 of 9

Case 3:22-cv-00262-HRH     Document 1     Filed 12/05/22     Page 7 of 9

$14.57 per hour or another amount, and overtime hours on at least one paycheck. This list shall include the last known address, email, and telephone number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate;

b. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d. An award of recovered backpay and an equal amount in liquidated damages;

e. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees, and an award of a service payment to the Plaintiff; and

h. Such other and further relief as this Court deems just and proper.

ASHBURN & MASON, P.C.
Attorneys for Plaintiff Justin Fortner

DATED: December 2, 2022      By: s/*Eva R. Gardner*
                                                      Eva R. Gardner
                                                      Alaska Bar No. 1305017
                                                      Thomas V. Wang
                                                      Alaska Bar No. 9806035

COLLECTIVE ACTION COMPLAINT
*Fortner vs. Eagle Eye Enviroworks Joint Venture LLC, et al.*, Case No.    Page 8 of 9

Case 3:22-cv-00262-HRH    Document 1    Filed 12/05/22    Page 8 of 9

MIGLIACCIO & RATHOD LLP
Attorneys for Plaintiff Justin Fortner
*Pro hac vice anticipated*

DATED:   December 2, 2022            By:   s/*Nicholas A. Migliaccio*
                                            Nicholas A. Migliaccio
                                            Jason S. Rathod
                                            412 H Street NE, 3rd Floor
                                            Washington, DC 20002
                                            nmigliaccio@classlawdc.com
                                            jrathod@classlawdc.com

COLLECTIVE ACTION COMPLAINT
*Fortner vs. Eagle Eye Enviroworks Joint Venture LLC, et al.,* Case No.                      Page 9 of 9

Case 3:22-cv-00262-HRH     Document 1     Filed 12/05/22     Page 9 of 9